## Case No. 13,944a.

### THOMPSON et al. v. CAMPBELL.

[Hempst. 8.] [1]

Superior Court, Territory of Arkansas. June, 1821.

PRACTICE AT LAW—NONSUIT—CONSENT OF PLAINTIFF—WHEN ALLOWED.

1. It is erroneous to order a plaintiff to be nonsuited against his consent. [Elmore v. Grymes], 1 Pet. [26 U. S.] 471; [D'Wolf v. Rabaud] Id. 497; [Crane v. Morris] 6 Pet. [31 U. S.] 609.

2. When nonsuit may be taken.

Appeal from Lawrence circuit court [in an action by Thompson and Matthews against Campbell.]

Before JOHNSON and SCOTT, JJ.

OPINION OF THE COURT. It is clear that the court erred in rejecting the evidence

offered by the plaintiff as stated in the bill of exceptions, and also in ordering the plaintiff to be nonsuited against his consent. The evidence was clearly admissible to support the cause of action as laid in the declaration, and should have been received. Reversed.

NOTE. A plaintiff cannot be nonsuited against his consent, because he has a right by law to have his case submitted to a jury and the court. He may agree to a nonsuit; but, if he does not choose so to do, the court cannot compel him to submit to it. Elmore v. Grymes, 1 Pet. [26 U. S.] 471; D'Wolf v. Rabaud, 1 Pet. [26 U. S.] 497; Crane v. Morris, 6 Pet. [31 U. S.] 609; Mitchell v. New England Mar. Ins. Co., 6 Pick. 118; Booe v. Davis, 5 Blackf. 115; Martin v. Webb, 5 Ark. 74; Wells v. Gaty, 8 Mo. 681; Hunt v. Stewart, 7 Ala. 525; Scruggs v. Brackin, 4 Yerg. 528. A plaintiff may take a nonsuit at any time before the court or jury have actually rendered a verdict. Lawrin v. Hawks, 3 McCord, 559; M'Lughn v. Bovard, 4 Watts. 308; Wooster v. Burr, 2 Wend. 295; Haskell v. Whitney, 12 Mass. 49, note. In Arkansas it is provided by statute that "no plaintiff shall be permitted to suffer a nonsuit on trial after the jury have retired from the bar, or the cause has been submitted to the court." Digest, p. 813, § 111. A nonsuit cannot be ordered by the court without the acquiescence of the plaintiff. The correct practice is to instruct the jury that, if the evidence has not proven a matter necessary to be proven, the jury must find for the defendant. Martin v. Webb, 5 Ark. 74; Ringo v. Field, 1 Eng. [Ark.] 49; Carr v. Crain, 2 Eng. [Ark.] 249.

## Case No. 13,945.

### THOMPSON v. CARBERY.

[2 Cranch, C. C. 35.] [1]

Circuit Court, District of Columbia. Dec. Term, 1811.

WITNESS—COMPETENCY—INTEREST—SURETY ON REPLEVIN-BOND.

A surety in a replevin-bond is not a competent witness for the plaintiff in replevin, although he has an indemnifying bond.

Replevin. Ignatius Middleton, one of the sureties in the replevin-bond, being sworn in chief, and asked if he was interested in the cause, said he was not. He was then examined and cross-examined. It was afterward discovered by the defendant's counsel that he was a surety in the replevin-bond. He acknowledged himself to be the person, but said he had a bond of indemnification, which he produced. The plaintiff then called him again, to examine him further. The defendant objected, and THE COURT refused to suffer him to be further examined; and told the jury that what he had already testified was not evidence.

[See Case No. 13,946.]

---

[1] [Reported by Samuel H. Hempstead, Esq.]

[1] [Reported by Hon. William Cranch, Chief Judge.]